**STATE of Delaware, Plaintiff below, Appellant,**

v.

**John SMALLWOOD, Defendant below, Appellee.**

Supreme Court of Delaware.

Argued Sept. 8, 1975.

Decided Sept. 30, 1975.

---

Bernard J. Gartland and James S. Green, Deputy Attys. Gen., Wilmington, for plaintiff below, appellant.

Thomas J. Healy, Jr., of Metten, Healy & Collins, Wilmington, for defendant below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

DUFFY, Justice:

The determinative question in this appeal involves the construction of a robbery statute.

## I

In a jury trial defendant was convicted of robbery in the first degree, 11 Del.C. § 832(2), under circumstances which, for present purposes, are not in dispute. Thereafter the Trial Judge, *sua sponte*, reduced the conviction to robbery in the second degree, 11 Del.C. § 831, because the victims did not actually see a weapon in the possession of defendant or a co-participant. During the robbery one of the par-

ticipants had placed a hand in his jacket pocket and pointed it in the direction of one of the victims in such a manner as to appear that the robber possessed a weapon. No weapon was recovered nor did the victims at any time actually see what was in the pocket.

These facts, brief as they are, summarize all that need be said about the crime and we now turn to the statutes.

## II

11 Del.C. § 832(2) (as amended 1974) provides:

"A person is guilty of robbery in the first degree when he commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

\*   \*   \*   \*   \*   \*

(2) Displays what appears to be a deadly weapon; . . . ."

As the facts of the case suggest, the critical inquiry is how the word "displays" should be defined. The Trial Court held that it should be given a commonly accepted meaning appropriate to fulfill the purpose of the law. That, of course, is required under 11 Del.C. § 221(c).[1] The Court then went on and held that by such test "display" means to "spread before the view" or "exhibit to the sight or mind." Webster's *New International Dictionary* Merriam (1964). Applying that definition the Court concluded that a person who displays what appears to be a deadly weapon may be convicted of robbery in the first degree even though the apparent weapon is not immediately recovered and the State is unable to prove that it is "deadly." We agree with that conclusion but, in our view, the Court gave too narrow a reading to the key word because it implicitly concluded that, absent an exhibition of the weapon to the sight, a robbery is second degree only. "Display" must be given a broader meaning as suggested by the history of the statute, as well as the dictionary definition which includes also an "exhibition to the . . . mind."

■ Prior to 1974, § 832(2) provided that one who committed robbery "armed with a deadly weapon" was guilty of robbery in the first degree. See 59 Del.L., ch. 547. The focus of the statute was on the fact of defendant's condition: was he actually "armed"? did he have a "weapon"? was it "deadly"? In other words, conviction required proof that a defendant was in fact armed with a deadly weapon during the commission of a robbery. A victim's reaction to the confrontation was not significant. Not so, however, under the 1974 amendment.

■ As we read the statute, the law now considers what takes place from the victim's point of view. Thus, there may be a conviction of robbery in the first degree if a defendant "displays" what "appears" to be a deadly weapon. Legislative use of the quoted words is significant because they clearly imply an inquiry into the victim's reaction and not into whether an assailant was in fact armed. Compare Annot., 61 A.L.R.2d 998 (1958). It is in this context that the term "displays" must be considered. As the opinion below and the discussion here indicate, the word is ambiguous and, therefore, construction is required.

■ As indicated above, the Trial Court limited its meaning to that which is exhibited before the sight or view of a victim and, since nothing had been shown in the robbery, the Court held that it was sec-

---

1. 11 Del.C. § 221(c) states:
"If a word used in this Criminal Code is not defined herein, it has its commonly accepted meaning, and may be defined as appropriate to fulfill the purposes of the provision as declared in § 201 of this Criminal Code."

ond degree only. We think, however, that "display" includes not only the notion of spreading before view or exhibiting to the sight, but also that which is manifested to any of a victim's senses. Webster's *New International Dictionary*, supra, also defines "display" as "an exhibiting or showing of something: an unfolding or opening out to view: exhibition, manifestation . . . ." And "manifest," according to the same dictionary, means capable of being readily and instantly perceived by the senses and esp. by the sight . . . capable of being easily understood or recognized at once by the mind . . . ." Thus a weapon may be manifested to a victim even though he may not see it. Cf. *State v. Young*, 134 W.Va. 771, 61 S.E.2d 734 (1950). And one who is made to feel by the sense of touch the presence of an apparent gun may never see it but there is recognition by his mind and that manifestation is just as effective, for the statutory purpose, as putting a gun in plain view.

 In sum, § 832(2) reaches not only the robber who exposes a deadly weapon to the view of his victim, but also the robber who intimidates by otherwise manifesting the presence of such a weapon even though it is not seen by the victim.

### III

Finally, defendant argues that the order of the Superior Court is not appealable by the State as a matter of right. He argues that the Trial Court order was a "modification" rather than a vacation of the conviction and therefore 10 Del.C. § 9902(a) does not apply.[2]

After conviction but before sentencing, the Trial Judge raised the issue as to whether defendant was, as a matter of law, guilty of robbery in the first degree in view of the undisputed evidence that a deadly weapon was not employed in the crime. Implicitly the Superior Court entered an order "vacating [the] . . . verdict" and its ruling was based upon a "construction of the statute." Clearly, then, the State does have an appeal as of right. 10 Del.C. § 9902(a).

\* \* \* \* \* \*

The judgment of the Superior Court setting aside the verdict of robbery in the first degree must be vacated and consequently the verdict returned by the jury stands. Reversed and remanded for proceedings consistent herewith.

2. 10 Del.C. § 9902(a) provides:
"(a) The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter."