Hubert Marty WORD, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 195, 2001.

Supreme Court of Delaware.

Submitted: April 17, 2002.
Decided: July 3, 2002.

Charles M. Oberly, III, Esquire, of Oberly & Jennings, P.A., Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

VEASEY, Chief Justice.

In this appeal, we review the scope of the statutory element of first degree rob-

bery that requires a finding that the defendant "displays what appears to be a deadly weapon."[1] We clarify and reaffirm that to support a conviction for first degree robbery, the victim not only must have the subjective belief that the defendant possesses a deadly weapon but also this belief must be "accompanied by an objective physical manifestation that the robber appears to be displaying a deadly weapon."[2]

Although the victim in this case believed the defendant possessed a deadly weapon, her belief was not based on any objective physical manifestation of a weapon. Rather, her belief was based solely on a note the defendant gave her that stated, "I am armed." Therefore, we reverse the judgment of the Superior Court sentencing the defendant for first degree robbery and remand for a new sentencing on the lesser included offense of robbery in the second degree.[3]

### Facts

On January 4, 1999, Hubert Word entered a Sovereign Bank branch and passed to the bank teller a note that read: "This is a holdup. Give me all of the strapped money. No dye packs. I am armed." The words "I am armed" were underlined twice. The bank teller testified that Word carried a black, briefcase-size bag over his shoulder with one hand over the top of it, and that he placed the bag on the counter and through the teller window after he passed her the holdup note. The bank teller stated that she did not hear "a thud" when the bag hit the counter, that the bag did not appear heavy, and that she could not remember whether Word's hand was inside the bag when he placed it on the teller counter. Nevertheless, the bank teller testified that she thought Word had a gun because of the note stating, "I am armed." She handed Word the money from her teller station, but Word demanded more. She then went to the next teller station and retrieved more money. When the bank teller returned, Word was gone and she called the police.

Detective Timothy Morris interviewed the bank teller within twenty minutes after the robbery. Detective Morris testified under 11 *Del. C.* § 3507[4] that the bank teller told him that when Word placed the bag on the teller counter, his hand was inside it.

Word was apprehended by police and confessed to the robbery. He was charged with first degree robbery and second degree conspiracy. Word waived his right to a jury trial, and the only issue at the bench

1. 11 *Del. C.* § 832(a) states, in relevant part: A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: ... (2) Displays what appears to be a deadly weapon; .... Robbery in the first degree is a class B felony.

2. *Deshields v. State,* 706 A.2d 502, 507 (Del. 1998).

3. 11 *Del. C.* § 831(a) sets forth the elements of robbery in the second degree. That statute provides, in relevant part:

A person is guilty of robbery in the second degree when, in the course of committing theft, the person ... threatens the immediate use of force ... with intent to: (1) Prevent or overcome resistance to the taking of the property ... or (2) Compel the owner of the property or another person to deliver up the property.... Robbery in the second degree is a class E felony.

4. 11 *Del. C.* § 3507 states, in relevant part: "(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."

trial was whether Word's actions constituted robbery in the first degree or second degree. Specifically, the trial judge had to decide whether Word displayed what appeared to be a deadly weapon during the robbery.[5] The trial judge found that the bank teller "testified that she thought that the defendant had a gun" and that it was "reasonable ... for her to think about a gun because ... the note said 'am armed' and it was underscored twice." Although the bank teller could not remember at trial whether Word had his hand in the bag when he placed it on the counter, the trial judge found that "the essence of her testimony, as I heard it in court, was that she saw his hand in the bag and that ... he could have been holding something."

On November 29, 2000, the trial judge convicted Word of robbery in the first degree and conspiracy in the second degree. On April 20, 2001, the Superior Court issued an order sentencing Word for all his outstanding convictions, which included first degree robbery, second degree conspiracy, and second degree forgery. Word was sentenced to 20 years in prison as an habitual offender for his first degree robbery conviction, to one year in prison, suspended for probation, for his second degree conspiracy conviction, and to one year in prison, suspended for probation, for his second degree forgery conviction. This is Word's direct appeal.

## Whether the Trial Court Erred By Finding Word Displayed What Appeared To Be A Deadly Weapon

Word's one claim on appeal is that the trial court erred by finding that he displayed what appeared to be a deadly weapon during the robbery of the Sovereign Bank. Word asserts that his actions constituted only second degree robbery and that this Court should reverse and remand for resentencing for second degree robbery.

■■■ The sole issue in this case requires us to review the trial court's factual findings and its legal application of those facts to the statutory definition of first degree robbery. This Court reviews the trial court's legal determinations for errors in formulating or applying legal precepts, and reviews the trial court's factual findings to determine whether they are supported by sufficient evidence and are the result of a logical and orderly deductive process.[6] This Court will sustain Word's conviction for first degree robbery if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [7]

A person is guilty of robbery second degree when, in the course of committing theft, he threatens the immediate use of force against another to compel that person to surrender or deliver up the property.[8] To elevate that offense to robbery

---

5. As noted in footnote one, 11 *Del. C.* § 832(a) states, in relevant part:

    A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: ... (2) Displays what appears to be a deadly weapon; ....

6. *Downs v. State,* 570 A.2d 1142, 1144 (Del. 1990).

7. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See also Robertson v. State,* 596 A.2d 1345, 1355 (Del. 1991) (stating that a conviction will stand if "*any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt") (emphasis in original).

8. *Deshields,* 706 A.2d at 507 (citing 11 *Del. C.* § 831(a)(2)).

first degree, the State must prove the elements of second degree robbery plus one additional statutory element.[9] For example, a defendant may be convicted of first degree robbery if, in the course of committing the robbery, the defendant "displays what appears to be a deadly weapon."[10] Accordingly, in seeking a conviction for first degree robbery, the State had to prove that Word displayed what appeared to be a deadly weapon during the robbery of the Sovereign Bank.

■ After viewing the evidence in this case in the light most favorable to the State, we conclude that a rational trier of fact could have found beyond a reasonable doubt that (1) Word passed the bank teller a note stating "I am armed," and (2) Word's hand was hidden in the bag that he placed on the teller's counter.[11] But, the element that Word "displayed what appeared to be a deadly weapon" is not supported by this record. The bank teller never testified that she believed Word had a weapon in the bag or that she perceived an objective manifestation of a weapon by

Word. Rather, the bank teller merely testified that she thought Word had a weapon only because Word's note stated, "I am armed."

■ In 1998 in *Deshields v. State*,[12] this Court issued its most recent opinion analyzing the "displays what appears to be a deadly weapon" element of first degree robbery.[13] In the process of robbing a convenience store, DeShields asked for the money in the cash register, "reached underneath his tee-shirt and belt with his right hand" and "then pointed something heavy and bulky at [the store clerk] from under his shirt."[14] As a result of DeShields' actions, the store clerk testified that she "thought he had a gun."[15] In finding that DeShields displayed what appeared to be a deadly weapon, this Court reaffirmed "that the terms 'displays' and 'appears' must be construed with a view toward the victim's perception."[16] Thus, because "'display' includes ... that which is manifested to any of the victim's senses,"[17] those terms "encompass the robber who actually physically displays a deadly weap-

9. *Id.*

10. *Id.*

11. At trial, the bank teller could not remember whether Word's hand was inside the bag when he placed it on the teller counter and testified that she thought it was on the outside and on top of the bag. Detective Morris then testified to the bank teller's statements to him twenty minutes after the robbery in which she said that Word's hand was inside the bag when he placed it on the counter. Word argues on appeal that the trial judge should have given greater weight to the bank teller's in-court testimony than her prior statements to the detective. But, it is well established that the trier of fact is the sole judge of the credibility of witnesses and is responsible for resolving conflicts in the testimony. *Chao v. State*, 604 A.2d 1351, 1363 (Del.1992). The trial judge, as the trier of fact in this case, had the discretion to accredit more weight to the bank teller's contemporaneous statements to police than to her in-court testimony more than a year after the robbery. Therefore, we will not disturb the trial judge's finding that Word's hand was inside the bag when he placed it on the teller counter.

12. *Deshields,* 706 A.2d at 502.

13. 11 *Del. C.* § 832(a)(2).

14. *Deshields,* 706 A.2d at 505.

15. *Id.*

16. *Id.* at 507 (citing *State v. Smallwood,* 346 A.2d 164, 166 (Del.1975) (reinstating a jury verdict convicting the defendant of first degree robbery where the defendant "had placed a hand in his jacket pocket and pointed it in the direction of one of the victims in such a manner as to appear that the robber possessed a weapon")).

17. *Smallwood,* 346 A.2d at 167.

on to the victim" as well as "the robber 'who intimidates by otherwise manifesting the presence of such a weapon even though it is not seen by the victim.' "[18] But, as we stated in *Deshields*, there "must be more than the victim's fear of the existence of a deadly weapon"[19] to establish the "displays what appears to be a deadly weapon" requirement of first degree robbery. The "victim's subjective belief that the defendant possessed a deadly weapon" must be "accompanied by an objective physical manifestation that the robber appears to be displaying a deadly weapon."[20] Accordingly, in this case, the State had to prove that: (1) the bank teller subjectively believed that Word was armed, and (2) the bank teller's belief was objectively reasonable because the defendant either actually produced what appeared to be a deadly weapon or made another objective physical manifestation of such a weapon.

The State disagrees and relies on our order in *McKamey v. State*, in which we found that "the State demonstrated that McKamey 'displayed' a gun while robbing the [victim] cab driver by showing that McKamey sat behind the driver in the moving cab and told the driver that he had a gun."[21] This Court upheld McKamey's conviction for first degree robbery. The State argues that, under *McKamey*, Word committed first degree robbery because Word's note read, "I am armed" and the victim reasonably believed or feared that Word actually had a weapon. We do not, however, read our summary order in *McKamey* that was entered before our *Deshields* opinion as reliable precedent to permit a finding of the element of "displays what appears to be a deadly weapon" where the victim did not perceive any display or physical manifestation of a weapon.

This Court has consistently addressed the "displays what appears to be a deadly weapon element" of first degree robbery, we have interpreted 11 *Del. C.* § 832(a)(2) to require an objective physical manifestation of a weapon, in addition to the victim's subjective belief that the defendant had a weapon, to support a conviction.[22] Accord-

---

18. *Deshields*, 706 A.2d at 507 (quoting *Smallwood*, 346 A.2d at 167).

19. *Id.*

20. *Id.*

21. *McKamey v. State*, 1997 WL 45060 (Del. Supr.), at *2.

22. *See Scott v. State*, 1999 WL 652054 (Del. Supr.) (sustaining a conviction for first degree robbery where defendant held object to victim's head from behind and said "I will shoot you, this is a gun," and where the victim believed the defendant had a gun); *Deshields*, 706 A.2d at 507 (stating a first degree robbery conviction requires an objective physical manifestation of a weapon by the defendant as well as the victim's subjective belief that the defendant has a weapon); *Wright v. State*, 1997 WL 317409 (Del.Supr.), at *2 (sustaining a conviction for first degree robbery where the victim believed the defendant had a weapon and the defendant physically mani-

fested a weapon by concealing his hand inside his coat and saying, "Don't make me use this"); *Johnson v. State*, 1991 WL 28889 (Del. Supr.), at *2 (stating a first degree robbery conviction requires an objective physical manifestation of a weapon by the defendant as well as the victim's subjective belief that the defendant has a weapon); *DeShields v. State*, 1988 WL 71442 (Del.Supr.), at *1 (sustaining a conviction for first degree robbery where defendant threatened to blow the victims' heads off as he reached into his coat pocket and where the victims believed the defendant had a weapon); *Mercado v. State*, 1986 WL 17411 (Del.Supr.), at *1 (sustaining a conviction for first degree robbery where the defendant stated "Open your [cash register] drawer, give me your money or I am going to pull this piece" and then tapped his waistline which bulged with a solid object, and where the victim believed the defendant had a weapon); *Williams v. State*, 494 A.2d 1237, 1241–42 (Del.1985) (sustaining a conviction for first degree robbery where the

ingly, the two-pronged standard we apply to determine whether Word displayed what appeared to be a deadly weapon is not new but rather is based on clear precedent dating back to our first interpretation of this statutory element of first degree robbery in *State v. Smallwood*.[23]

While the State proved in this case that the bank teller subjectively believed that Word was armed with a deadly weapon, the undisputed evidence shows that the bank teller based this belief solely on Word's note stating, "I am armed," not on any objective physical manifestation of a weapon. This case thus is analogous to *Johnson v. State*,[24] which we cited favorably in *Deshields*.[25] In *Johnson*, we reversed the Superior Court's judgment convicting the defendant of attempted first degree robbery, because we found the defendant had not displayed what appeared to be a deadly weapon.[26] Johnson had told the manager of a jewelry department to "give me those diamonds" and, "This is a holdup, give me the rings."[27] The victim testified that Johnson had one hand down where she could not see it, but that she thought his hand was inside his jacket.[28] The victim also stated: "I just thought he had something in—afraid he had something in his hands, a knife or gun or something. I was afraid he had something there because he said 'This is a holdup.' "[29] The State argued that even though the victim never actually saw a weapon, Johnson's use of the term "holdup" accompanied by the victim's subjective reaction was sufficient to establish the first degree robbery element of "displays what appears to be a deadly weapon."[30] This Court disagreed and held: "While we agree that a mere physical appearance [of a weapon] will suffice, there must be more than the victim's belief in the existence of a weapon. Here there was no evidence that the victim saw any bulge or other suggestion that the defendant's clothing contained a weapon. Indeed, the evidence is clear that the victim never saw the defendant's hand but only 'thought it was inside his jacket.' "[31] After noting that "the sole suggestion of a weapon in this case was in the victim's apprehension that a weapon existed,"[32] this Court overturned the defendant's conviction and held that "subjective belief,

---

defendant appeared to be holding a gun between his hands and the victim believed the defendant held a gun); *Harrigan v. State*, 447 A.2d 1191, 1192–93 (Del.1982) (sustaining a first degree robbery conviction where the victims believed the defendant had a handgun and where the defendant had one hand in his coat pocket, as if he had a handgun, and the other arm around a victim's neck, and threatened to shoot if the other victims did not give him money); *Smallwood*, 346 A.2d at 167 (reinstating a first degree robbery conviction where the defendant placed his hand in his jacket pocket and pointed it in the direction of the victim so that the victim believed the defendant had a weapon).

23. *Smallwood*, 346 A.2d at 167 (reinstating a first degree robbery conviction where the defendant placed his hand in his jacket pocket and pointed it in the direction of the victim so that the victim believed the defendant had a weapon).

24. *Johnson*, 1991 WL 28889.

25. *Deshields*, 706 A.2d at 507 ("However, there must be more than the victim's fear of the existence of a deadly weapon.") (citing *Johnson*, 1991 WL 28889, at *2).

26. *Johnson*, 1991 WL 28889, at *2.

27. *Johnson*, 1991 WL 28889, at *1.

28. *Id.*

29. *Id.*

30. *Id.*

31. *Johnson*, 1991 WL 28889, at *2.

32. *Id.*

unaccompanied by a physical manifestation of a weapon, is insufficient to establish that necessary element of Robbery First Degree." [33]

As in *Johnson,* the bank teller did not perceive any objective manifestation of a weapon but rather believed that Word had a gun solely because his note read, "I am armed." Likewise, the sole suggestion of a weapon in this case was the victim's apprehension that a weapon existed. Such a subjective belief unaccompanied by a physical manifestation of a weapon is insufficient to establish the "displays what appears to be a deadly weapon" element of first degree robbery.

### Conclusion

Accordingly, we reverse the judgment of the Superior Court as to Word's conviction for first degree robbery and remand for a new sentencing for second degree robbery. Because Word has limited his claims on appeal to his conviction and sentence for first degree robbery, we affirm the judgment of the Superior Court as to his convictions and sentences for second degree conspiracy and second degree forgery.