THOMAS FEDORKOWICZ, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 243, 2009.
Supreme Court of Delaware.
Submitted: January 4, 2010.
Decided: February 4, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice.
This 4th day of February 2010, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On June 5, 2008, the defendant-appellant, Thomas Fedorkowicz, was found guilty in a Superior Court bench trial of Attempted Robbery in the First Degree, Assault in the First Degree, and Conspiracy in the Second Degree. On April 3, 2009, Fedorkowicz was re-sentenced so that he might file a timely appeal. On the robbery conviction, he was sentenced to 5 years incarceration at Level V, to be suspended after 3 years for 2 years at Level II probation. On the assault conviction, he was sentenced to 4 years incarceration at Level V, to be suspended after 2 years for decreasing levels of supervision. On the conspiracy conviction, he was sentenced to 1 year of incarceration at Level V, to be suspended for 1 year at Level II probation. This is Fedorkowicz's direct appeal.
(2) Fedorkowicz's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Fedorkowicz's counsel asserts that, based upon a careful and complete examination of the record and the law, there are no arguably appealable issues. By letter, Fedorkowicz's counsel informed Fedorkowicz of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Fedorkowicz also was informed of his right to supplement his attorney's presentation. Fedorkowicz responded with a brief that raises several issues for this Court's consideration. The State has responded to the position taken by Fedorkowicz's counsel as well as the issues raised by Fedorkowicz and has moved to affirm the Superior Court's judgment.
(4) Fedorkowicz raises several issues for this Court's consideration, which may fairly be summarized as follows. He claims that a) there was insufficient evidence presented at trial to support his attempted robbery and assault convictions; b) his convictions of attempted robbery and assault violated double jeopardy; and c) he was not permitted to view a surveillance videotape prior to trial.
(5) The evidence presented at trial may fairly be summarized as follows. On November 13, 2007, Fedorkowicz and his girlfriend went to the Home Depot at People's Plaza Shopping Center in Newark, Delaware, to steal a "Milwaukee" band saw. Fedorkowicz went into the store while his girlfriend waited outside in a Jeep Cherokee. After standing in the self-checkout line, Fedorkowicz ran out of the store with the band saw without paying for it. Jessie McCray, a loss-prevention employee at Home Depot at the time of the incident, attempted to stop Fedorkowicz in the vestibule of the store. As McCray reached into his pocket for his store identification, Fedorkowicz kicked him in the hand, dropped the band saw, and jumped into the Jeep Cherokee, which sped away. McCray and another Home Depot employee were able to write down the Jeep's license plate number. Fedorkowicz was later arrested in Maryland. At trial, Fedorkowicz admitted that he had attempted to steal the band saw, but disputed that he had kicked McCray. McCray sustained two broken bones in his hand, causing him serious discomfort for an extended period of time. The Home Depot surveillance videotape from the day of the incident was introduced by the prosecutor. Fedorkowicz' attorney stated that he had reviewed the videotape and had no objection to its admission into evidence.
(6) Fedorkowicz first claims that there was insufficient evidence presented at trial to support his attempted robbery and assault convictions. Because Fedorkowicz asserts this claim for the first time in this appeal, we review it for plain error.[2] In reviewing a claim of insufficiency of the evidence, this Court will uphold a conviction as long as any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the defendant guilty beyond a reasonable doubt.[3] In order to convict Fedorkowicz of Attempted Robbery in the First Degree and Assault in the First Degree, the State was required to satisfy the elements of proof contained in Del. Code Ann. tit. 11, §§ 531,[4] 832(a)(1)[5] and 613(a)(4).[6]
(7) At trial, Fedorkowicz admitted that he attempted to steal a band saw from the Home Depot. McCray testified that Fedorkowicz intentionally kicked him in the hand when attempting to escape. Although Fedorkowicz denied that he kicked McCray, he, nevertheless, admitted that he had an altercation with McCray in the vestibule of the Home Depot and that McCray sustained a serious injury as a result. As such, there was more than sufficient evidence presented to support a conviction of Attempted Robbery in the First Degree as well as Assault in the First Degree. We, therefore, find no error, plain or otherwise, with respect to Fedorkowicz' first claim.
(8) Fedorkowicz next claims a double jeopardy violation on the ground that his robbery and assault convictions should have been merged for purposes of sentencing. The test for whether a double jeopardy violation has occurred under such circumstances is whether each crime requires proof of a fact which the other does not.[7] As this Court has previously held, "Although physical injury may be an element of first degree robbery in some cases, it need not be caused intentionally or recklessly as in first degree assault."[8] And, furthermore, ". . . although robbery and assault can be distinguished on the basis of the extent of injury suffered, the crimes involve fundamentally different elements of proof."[9] Because there was no double jeopardy violation, we conclude that Fedorkowicz' second claim is without merit.
(9) Fedorkowicz' third, and final, claim is that he did not have an opportunity to view the Home Depot surveillance videotape prior to trial. This claim, also presented for the first time on appeal, will likewise be reviewed for plain error.[10] The record reflects that, at the time of trial, Fedorkowicz' counsel stated that he had viewed the surveillance videotape and had no objection to its admission into evidence. To the extent that Fedorkowicz complains that his attorney improperly failed to show him the videotape prior to trial, it is axiomatic that a claim of ineffective assistance of counsel may not be heard for the first time on direct appeal.[11] As such, we conclude that Fedorkowicz' final claim also is unavailing.
(10) This Court has reviewed the record carefully and has concluded that Fedorkowicz' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Fedorkowicz' counsel has made a conscientious effort to examine the record and the law and has properly determined that Fedorkowicz could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986) ("Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.")
[3] Word v. State, 801 A.2d 927, 929 n.7 (Del. 2002).
[4] "Attempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting."
[5] "A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person . . . [c]auses physical injury to any person who is not a participant in the crime. . . ."
[6] "A person is guilty of assault in the first degree when . . ., [w]hile engaged in the commission of, or attempt to commit, or flight after committing or attempting to commit any felony, the person intentionally or recklessly causes serious physical injury to another person . . . ."
[7] Blockburger v. United States, 284 U.S. 299, 304 (1932).
[8] Hackett v. State, 569 A.2d 79, 80 (Del. 1990).
[9] Id.
[10] Wainwright v. State, 504 A.2d at 1100.
[11] Wing v. State, 690 A.2d 921, 923 (Del. 1996).