IN THE SUPREME COURT OF THE STATE OF DELAWARE

RONALD ROGERS, §
§ No. 385, 2016
Defendant Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1402002902
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: September 29, 2016
Decided: January 4, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 4th day of January 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record,[1] it appears to the Court that:

(1)   The appellant, Ronald Rogers, filed this appeal from the Superior Court's denial of his first motion for postconviction relief.  The State has filed a motion to affirm on the ground that it is manifest on the face of Rogers' opening

---

[1] On October 24, 2016, the appellant filed a motion seek leaving to respond to the motion to affirm.  Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court.  In this case, the Court did not request a response to the motion to affirm and also finds no reason to request a response after considering the appellant's motion.

brief that the appeal is without merit. We agree and affirm the Superior Court's judgment.

(2) The record reflects that Rogers was arrested for the armed robberies of a Walgreen's Pharmacy and a First National Bank of Wyoming in Dover, Delaware. During both robberies, Rogers wore a mask and displayed what appeared to be a handgun. At Walgreen's, Rogers put the store manager in a headlock and the gun to her head and forced her to open a cash register. Rogers fled with $200 in cash. At the First National Bank, Rogers poured a container of gasoline on the carpet and ordered the six bank tellers in the area to the floor before taking a total of $15,000 from the tellers' stations. A grand jury indicted Rogers for seven counts of Robbery in the First Degree, two counts of Wearing a Disguise, and one count of Criminal Mischief.

(3) On June 25, 2014, Rogers pled guilty to three counts of first degree robbery and one count of second degree robbery. In exchange for Rogers' guilty plea, the State agreed to dismiss the other charges in the indictment. At the request and recommendation of the parties, the Superior Court immediately sentenced Rogers to a total of thirty-six years at Level V incarceration suspended after nine years minimum mandatory for probation.

(4) On August 11, 2014, Rogers filed a motion for postconviction relief under Superior Court Criminal Rule 61. Rogers raised several claims all based on

the same underlying claim that he was illegally indicted for seven counts of first degree robbery. According to Rogers, he could be indicted only for two counts of first degree robbery. Also, in later submissions, Rogers claimed the indictment was illegal because the dismissal of weapon offenses at the preliminary hearing left the State without a basis to indict him for *any* charges of first degree robbery.

(5)     The Superior Court referred Rogers' postconviction motion to a Commissioner. At the direction of the Commissioner, the State filed a response to the motion and Rogers' defense counsel filed an affidavit responding to allegations of ineffective assistance of counsel. Rogers then filed responses to the affidavit and to the State's response.

(6)     On August 19, 2015, the Commissioner issued a report recommending that the postconviction motion should be denied. Upon *de novo* review, the Superior Court issued an order on June 28, 2016, adopting the report and denying the postconviction motion. This appeal followed.

(7)     On appeal, Rogers continues to claim that he was illegally indicted and that his defense counsel was ineffective for failing to recognize the defects in the indictment. We disagree and conclude, consistent with the Superior Court, that because the illegal indictment claim was without merit,[2] the related ineffective

---

[2] Under Delaware law, a defendant is properly charged for robbery in the first degree for displaying "what appears to be a deadly weapon." 11 *Del. C.* § 832(a)(2). The State is not required to prove that a defendant actually possessed a deadly weapon during the commission of

3

counsel claim also must fail,[3] and that both claims were waived by the entry of Rogers' voluntary guilty plea.[4]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

the crime. *Jones v. State*, 2011 WL 1900443, at *2 (Del. May 16, 2011) (quoting *State v. Smallwood*, 346 A.2d 164, 166-67 (Del. 1975)). Also, a defendant may be properly charged for multiple robbery counts during a single incident when there are multiple victims. *Lewis v. State*, 2007 WL 4372815, at *2 (Del. Dec. 14, 2007) (citing *Harrigan v. State*, 447 A.2d 1191, 1192 (Del. 1982)).

[3] *Garvey v. State,* 2007 WL 1221136 (Del. April 26, 2007) (citing *Skinner v. State*, 607 A.2d 1170, 1173 (Del. 1992) (holding that rejection of the underlying substantive issue precluded a showing of prejudice on a related claim of ineffective assistance of counsel)).

[4] *Johnson v. State*, 2008 WL 4830853 (Del. Nov. 7, 2008) (citing *Miller v. State*, 849 A.2d 1229, 1232 (Del. 2003)). In particular, the Court notes that during the guilty plea colloquy Rogers told the Superior Court that he understood the charges of first degree robbery and second degree robbery and was aware of the evidence in support of the charges, that he was guilty of three counts of first degree robbery and one count of second degree robbery, and that he was satisfied with his defense counsel's representation. Hr'g Tr. at 6-7, 9 (June 25. 2014).

4