IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DINO ANDERSON, | § | |
| | § | No. 450, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1808010306 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 4, 2020
Decided: May 5, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) In October 2018, the appellant, Dino Anderson, was indicted on charges of resisting arrest, possession of a firearm during the commission of a felony ("PFDCF"), carrying a concealed deadly weapon ("CCDW"), possession of a firearm by a person prohibited ("PFBPP"), tampering with physical evidence, second degree assault, offensive touching of a law enforcement officer, illegal

possession of a controlled substance, and traffic offenses. Prior to trial, the State dismissed the traffic offenses. Following a two-day trial in May 2019, a Superior Court jury found Anderson guilty of CCDW and the lesser included offense of misdemeanor resisting arrest. The jury acquitted Anderson of the remaining offenses. The Superior Court sentenced Anderson to an aggregate of nine years of Level V incarceration, suspended for eighteen months of Level II probation. Anderson appeals.

(2)    The testimony at trial established the following. During the evening of August 15, 2018, Detective James Wiggins and Officer Justin Phelps were patrolling the east side of Wilmington in Detective Wiggins' unmarked police car. As the officers traveled westbound on Fourth Street, they observed a cream-colored BMW sport utility vehicle execute a right-hand turn onto Pine Street without signaling. The officers then executed a traffic stop. Detective Wiggins approached the driver's side of the car and asked the sole occupant of the vehicle—later identified as Anderson—for his license, registration, and proof of insurance. Officer Phelps responded to the passenger side of the vehicle and, with the aid of a flashlight, inspected the passenger compartment for evidence of contraband. He did not see any.

(3)    After Anderson produced his license, both Detective Wiggins and Officer Phelps testified that they observed Anderson reach into his waistband, pull

2

out a firearm, and place it on the dashboard. At the same time, Anderson handed Detective Wiggins a white plastic card.[1] Detective Wiggins immediately asked Anderson to step out of the car and Officer Phelps moved to the driver's side of the vehicle. When Anderson produced a plastic bag that appeared to contain pills, Detective Wiggins grabbed Anderson's hand and a tussle ensued. The officers testified that Anderson forcibly pushed Officer Phelps, causing him to fall onto the ground. After Anderson was placed under arrest, all three parties were treated for minor injuries at a local hospital. The jury considered the officers' testimony as well as Anderson's testimony that the handgun was in plain view, the pills were not his, and he did not intentionally harm Officer Phelps. The jury found Anderson guilty of CCDW and the lesser included offense of misdemeanor resisting arrest but acquitted Anderson of PFDCF, PFBPP, tampering with physical evidence, second degree assault, offensive touching of a law enforcement officer, and illegal possession of a controlled substance.

(4) Anderson's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Anderson's

---

[1] The card was later identified as a concealed carry permit issued by the State of Florida in Anderson's name. At trial, Anderson did not argue that the concealed carry permit authorized him to carry a concealed weapon in Delaware—in fact, it did not—but rather, that the weapon was not concealed.

attorney informed Anderson of the provisions of Rule 26(c) and provided Anderson with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Anderson of his right to supplement his attorney's presentation. Anderson's only argument on appeal is that the evidence was insufficient to convict him of CCDW. The State has responded to Anderson's argument, as well as the position taken by Anderson's counsel, and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(6) In reviewing a claim that the evidence was insufficient to sustain a guilty verdict, this Court must determine, viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[4] The jury is the sole judge of the credibility of witnesses and is responsible for resolving any conflicts in the evidence

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 81.
[4] *Word v. State*, 801 A.2d 927, 929 (Del. 2002).

presented.[5] In this case, Officer Phelps' testimony that he was able to view the inside of Anderson's car and did not see a weapon until Anderson pulled a handgun from under his shirt and out of his waistband, coupled with Detective Wiggins' corroborating testimony, was sufficient to sustain the jury's verdict of CCDW.

(7) The Court has reviewed the record carefully and has concluded that Anderson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Anderson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Anderson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[5] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).