TYRONE PRINGLE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 87, 2006.
Supreme Court of Delaware.
Submitted: September 14, 2007.
Decided: December 17, 2007.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 17th day of December 2007, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) A Superior Court jury convicted the defendant-appellant, Tyrone Pringle, of first degree burglary, possession of a firearm during the commission of a felony, theft, criminal impersonation, and resisting arrest. The Superior Court sentenced him to a total period of nine years at Level V incarceration followed by probation. This is Pringle's direct appeal.
(2) The record reflects that Pringle pled guilty on January 20, 2005 to third degree burglary and possession of a deadly weapon during the commission of a felony. Prior to sentencing, he moved to withdraw the plea, and the Superior Court granted his request on April 1, 2005. A two-day jury trial was held in August 2005. The State's evidence at trial fairly established that police officers, in responding to the report of a burglary in process at a residence in the city of New Castle, saw a black male smash out the second-story window of the residence and jump out. An officer chased the subject, who turned out to be Pringle, and caught him three blocks away in possession of an empty pistol holder, a watch, a wallet, and jewelry. Later, a neighbor reported finding a 9mm pistol, with 13 rounds of ammunition, discarded along Pringle's escape route. The pistol had been reported stolen earlier from a different residence. The jury found Pringle guilty of burglary, possession of a firearm and related offenses. This appeal followed.
(3) After filing his direct appeal, Pringle requested and was permitted to discharge his counsel and represent himself on appeal. He raises four distinct issues in his opening brief on appeal. First, Pringle contends that the evidence was insufficient to sustain his convictions. Second, Pringle asserts that he was denied his constitutional right to the effective assistance of counsel. Third, Pringle argues that the Superior Court erred in granting his motion to withdraw the plea agreement. Finally, Pringle argues that he was denied his right to represent himself at sentencing. This Court will not consider claims of ineffective assistance of counsel for the first time on direct appeal.[1] Accordingly, we will not address Pringle's ineffectiveness claims here. We consider his remaining claims seriatim.
(4) Pringle first argues that the Superior Court erred in denying his motion for a judgment of acquittal. He contends that the evidence was insufficient to prove that he possessed a gun while committing the burglary. Thus, he contends, he should have been acquitted of first degree burglary and possession of a firearm during the commission of a felony. In reviewing such a claim, this Court must determine whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could find the defendant guilty beyond a reasonable doubt.[2] In considering an insufficiency claim, the Court does not distinguish between direct and circumstantial evidence.[3]
(5) The State conceded at trial in this case that there was no direct evidence to establish that Pringle was in possession of a gun when he committed the burglary. No witness saw him with a gun, nor were Pringle's fingerprints recovered from the gun that was later turned into police. Nonetheless, we find sufficient circumstantial evidence in the record to support the jury's conclusion that Pringle was in possession of the gun at the time he committed the burglary. Police saw Pringle jump from the window of the residence and chased him on foot for several blocks. He was captured in possession of an empty holster. The stolen gun, which was turned into police within hours of the crime, was found along the route of Pringle's attempted escape. It also fit the holster in Pringle's possession. Given these facts, we conclude there was sufficient circumstantial evidence for the jury to conclude that Pringle was in possession of the gun during the commission of the burglary. Contrary to Pringle's contention, the Superior Court properly instructed the jury regarding the State's burden of proof and did not improperly shift the burden onto Pringle to prove that he was not in possession of the gun. Accordingly, we find no basis for a judgment of acquittal.
(6) Pringle next argues that the Superior Court erred in granting his motion to withdraw his guilty plea. Ordinarily, this Court reviews the denial of a motion to withdraw a plea for abuse of discretion.[4] In this case, because Pringle obviously did not object to the Superior Court's granting of his motion to withdraw his plea, we review the Superior Court's decision for plain error.[5]
(7) Superior Court Criminal Rule 32(d) provides that the Superior Court may permit withdrawal of a guilty plea, any time prior to the imposition of sentence, "upon a showing by the defendant of any fair and just reason."[6] In this case, Pringle wrote to the Superior Court two months prior to sentencing and requested to withdraw his plea because, as he put it, he was not comfortable admitting to possessing a weapon that he did not have. On the date scheduled for sentencing, the Superior Court asked Pringle if he still wished to withdraw his plea. Pringle responded affirmatively, and the Superior Court granted his request, which was unopposed by the State. Given the timing of Pringle's motion, the State's lack of opposition to it, and the reasons Pringle set forth for his request, we find no plain error in the Superior Court's decision to grant Pringle's motion permitting him to exercise his constitutional right to a jury trial.
(8) Pringle's final argument is that the Superior Court erred in refusing to allow him to represent himself at sentencing. The record, however, does not support a finding that Pringle requested to represent himself. In fact, the motion included in Pringle's appendix reflects that, after his conviction, he requested that trial counsel be discharged and that new counsel be appointed to represent him at sentencing. A defendant's dissatisfaction with his counsel, however, does not alone justify the appointment of substitute counsel.[7] Given the timing of Pringle's motion and the circumstances of this case, we find no abuse of the Superior Court's discretion in denying Pringle's request for substitute counsel.[8]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Wright v. State, 513 A.2d 1310, 1315 (Del. 1986).
[2] Word v. State, 801 A.2d 927, 929 (Del. 2002) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
[3] Skinner v. State, 575 A.2d 1108, 1121 (Del. 1990).
[4] MacDonald v. State, 778 A.2d 1064, 1070 (Del. 2001).
[5] See Del. Supr. Ct. R. 8 (issues not raised below will only be reviewed on appeal for plain error).
[6] Del. Super. Ct. Crim. R. 32(d) (2007).
[7] Bultron v. State, 897 A.2d 758, 763 (Del. 2006).
[8] See id.