TYRONE PRINGLE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 346, 2009.
Supreme Court of Delaware.
Submitted: April 1, 2010.
Decided: June 7, 2010.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 7th day of June 2010, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Tyrone Pringle, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Pringle also has filed a motion to remand and/or to expand the record. After careful consideration of the record on appeal, we find it necessary to vacate the judgment of the Superior Court and remand this matter for further proceedings.
(2) The record reflects that Pringle pled guilty on January 20, 2005 to charges of third degree burglary and possession of a deadly weapon during the commission of a felony. On March 23, 2005, prior to sentencing, Pringle sent a pro se letter to the Superior Court indicating that he wished to withdraw his guilty plea because he was uncomfortable pleading to a weapon charge when he had not been in possession of a weapon. On April 1, 2005, Pringle appeared with his appointed counsel before the Superior Court in order to be sentenced on his plea.
(3) The transcript of that hearing reflects the following one-page colloquy between the trial court and Pringle:
[PROSECUTOR]: Good morning, Your Honor. I need to find out first if Mr. Pringle wants to withdraw his guilty plea. The State moves the sentencing or withdraw [sic] of the plea of Tyrone Pringle.
[DEFENSE COUNSEL]: This is news to me, Your Honor.
THE COURT: I'll show you the letter I received, Mr. [Defense Counsel]. I'll hand it to the bailiff.
(Pause.)
THE COURT: Mr. Pringle, the Court has received from you a letter dated March 20th in which you asked to withdraw your guilty plea.
THE DEFENDANT: Yes.
THE COURT: Do you want to do that?
THE DEFENDANT: Yes.
THE COURT: Okay. I'll allow you to do that. The matter will be set for trial. The plea is undone. You'll go to trial as originally charged.
(4) The same day, the trial judge had a notation inserted into the record reflecting that Pringle would not be permitted to plead to anything less than the indicted charges. Thereafter, a two-day jury trial was held in August 2005. The jury found Pringle guilty of first degree burglary, possession of a firearm during the commission of a felony, theft, criminal impersonation, and resisting arrest. The Superior Court sentenced him to a total period of nine and a half years at Level V incarceration followed by probation.
(5) On appeal, Pringle discharged his counsel and was permitted to proceed pro se. This Court affirmed his convictions on direct appeal.[1] Thereafter, Pringle filed a motion for postconviction relief. After receiving responses from defense counsel and the State, the Superior Court Commissioner recommended that Pringle's motion be denied. The Superior Court conducted a review de novo of the Commissioner's report and recommendation and denied Pringle's motion. This appeal followed.
(6) Pringle raises three issues in his opening brief on appeal. First, he contends that he was denied his constitutional right to the effective assistance of counsel at several critical stages of the trial proceeding. Second, Pringle asserts that his trial counsel's ineffective representation resulted in a complete breakdown of the adversarial process. Finally, he argues that the Superior Court's denial of his motion for postconviction relief was based on an unreasonable determination of the facts without a fact-finding hearing.
(7) With respect to the first issue, Pringle contends, among other things, that he was constructively denied his right to counsel under United States v. Cronic[2] when his counsel stood mute while the Superior Court granted Pringle's pro se motion to withdraw his plea. He also contends that he was constructively denied his right to counsel when his counsel failed to subject the prosecution's case to meaningful adversarial testing by failing to investigate and test other evidence found near the scene of the crime, including another gun and cocaine, which Pringle was not informed of until his counsel filed his affidavit in response to Pringle's motion for postconviction relief.
(8) As the transcript of the plea withdrawal hearing reflects, defense counsel had no prior knowledge that Pringle had filed a pro se motion to withdraw his plea. The transcript further reflects that the Superior Court, contrary to its own rules,[3] granted Pringle's pro se motion and did not give him the opportunity to consult with his counsel before acting on the motion. This Court previously has held that the withdrawal of a plea is a critical stage in the criminal process at which the constitutional right to the effective assistance of counsel attaches.[4]
(9) As a general rule, ineffective assistance of counsel claims are analyzed pursuant to the "cause and prejudice" standard set forth in Strickland v. Washington.[5] Under Strickland, a defendant must establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that, but for counsel's error, the result would have been different.[6] In United States v. Cronic, however, the United States Supreme Court articulated three situations in which the prejudice requirement under Strickland would be presumed: (i) when the defendant is denied counsel at a critical stage; (ii) when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (iii) when the circumstances are such that there is an extremely small likelihood that even a competent attorney could provide effective assistance.[7]
(10) In this case, Pringle argued he was constructively denied his right to counsel at a critical stage in the proceedings, i.e., at the plea withdrawal hearing. The Superior Court Commissioner, however, analyzed Pringle's claim applying the Strickland standard rather than the standard under Cronic. We find this erroneous. Accordingly, we conclude that the judgment of the Superior Court must be vacated and the matter remanded for further proceedings. Because we find that the judgment should be vacated and a fact-finding hearing held, we need not reach the other issues raised in Pringle's briefing in this appeal.
(11) On remand, the Superior Court should appoint counsel to represent Pringle, and new counsel should be given the opportunity to re-brief Pringle's postconviction claims, as well as any other claims counsel deems appropriate. A fact-finding hearing should be scheduled upon notice to Pringle and the State.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is VACATED. This matter is REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.
NOTES
[1] Pringle v. State, 2007 WL 4374197 (Del. Dec. 17, 2007).
[2] 466 U.S. 648 (1984).
[3] See Super. Ct. Crim. R. 47 (2010) (providing that the Superior Court "will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense.").
[4] White v. State, 2000 WL 368313 (Del. Mar. 23, 2000) (citing United States v. Sanchez-Barreto, 93 F.3d 17, 20 (1st Cir. 1996)).
[5] 466 U.S. 668 (1984).
[6] Id. at 688
[7] United States v. Cronic, 466 U.S. at 659.