IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEREK CAPERS, | § | |
| | § | No. 229, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1406005949 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 13, 2018
Decided: February 25, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

This 25th day of February 2019, upon consideration of the no-merit brief and motion to withdraw under Supreme Court Rule 26(c) and the State's response, it appears to the Court that:

(1) The appellant, Derek Capers, was indicted on charges of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Possession of Marijuana. On May 31, 2015, Capers pleaded guilty to PFBPP and CCDW. Sentencing was deferred pending a presentence investigation.

(2) At the outset of the guilty plea hearing, the parties addressed an unresolved issue noted in the guilty plea agreement and Truth-in-Sentencing Guilty

Plea Form concerning the effect, if any, of Capers' prior New Jersey drug conviction on the sentence to be imposed for PFBPP under 11 *Del. C.* § 1448(e)(1).[1] Capers had two prior convictions, both in New Jersey. The parties agreed that one of the convictions—aggravated manslaughter—qualified as a "prior violent felony" that would subject Capers to a five-year minimum-mandatory sentence under § 1448(e)(1)(b).[2] What the parties did not know was whether the second New Jersey conviction—a drug conviction—also qualified as a "prior violent felony." If it did, Capers would be subject to a ten-year minimum-mandatory sentence under § 1448(e)(1)(c).[3]

(3) As reflected in the plea agreement and confirmed at the guilty plea hearing, the parties determined that it would be appropriate to proceed with the plea colloquy and refer the unresolved sentencing question to the presentence office. After discussing all of this with counsel at the guilty plea hearing, the Superior Court asked Capers if he still wanted to enter the guilty plea. Capers indicated that he did.[4]

(4) Capers' sentencing was scheduled for June 26, 2015. On June 25, the State submitted a letter indicating its disagreement with the conclusion in the presentence report that Capers' New Jersey drug conviction did not qualify as a prior

---

[1] 11 *Del. C.* § 1448(e)(1) (Supp. 2019).
[2] *Id.* § 1148(e)(1)(b).
[3] *Id.* § 1148(e)(1)(c).
[4] Hr'g Tr. at 5 (May 31, 2015).

violent felony under 11 *Del. C.* § 1448(e) because it was not classified as a violent felony in New Jersey. The State correctly contended that Delaware's classification of the crime controlled, not New Jersey's,[5] and that the equivalent drug offense in Delaware was classified as a violent felony.

(5) The Superior Court deferred Capers' sentencing. Upon further consideration of the issue, Capers moved to withdraw the guilty plea, asserting that the plea should be withdrawn because he had entered into it believing that New Jersey law would determine whether or not his New Jersey drug conviction was a violent felony. By order dated November 17, 2015, the Superior Court granted the plea withdrawal motion, stating that "[t]he benefit of hindsight leads the Court to conclude that it should not have accepted this guilty plea when there was so much unknown regarding defendant's prior conviction(s) in New Jersey."[6]

(6) When Capers' case went to trial, the jury convicted him, as charged, of PFBPP, PABPP, CCDW, and Possession of Marijuana. Capers was sentenced to a total of twenty-three years of Level V incarceration suspended after ten years for six months of Level IV supervision followed by Level III probation. This is Capers' direct appeal.

---

[5] *Miller v. State*, 2008 187957 (Del. Jan. 9, 2008).
[6] 2015 WL 7301890, at *2 (Del. Super. Nov. 17, 2015).

(7) On appeal, Capers' trial counsel has filed a no-merit brief and motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Capers has supplemented the Rule 26(c) brief with claims that he would like the Court to consider on appeal. The State has responded to the position taken by Capers' counsel and the claims raised by Capers, and has moved to affirm the Superior Court's judgment.

(8) When considering a Rule 26(c) brief and motion to withdraw, our standard and scope of review is twofold.[7] First, we must be satisfied that the appellant's counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[8] Second, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[9]

(9) Capers does not address his jury trial or sentencing on appeal. Instead, he claims that the Superior Court erred when it permitted—at his request—the withdrawal of his guilty plea. According to Capers, the Superior Court should have denied the motion to withdraw the plea, enforced the plea agreement—which he asserts was breached by the State— and imposed the five-year minimum-mandatory sentence for

---

[7] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[8] *Penson v. Ohio*, 488 U.S. at 83.
[9] *Id.*

PFBPP based on one qualifying prior violent felony. Because Capers did not challenge the withdrawal of his guilty plea in the Superior Court, we review his claims for plain error. "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10]

(10)   A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court.[11] We find no error in the Superior Court's decision permitting Capers to withdraw the guilty plea.[12] Also, we find no support in the record for Capers' assertion that the State breached the plea agreement. Contrary to Capers' claim on appeal, on the question of which minimum-mandatory sentence would apply, the parties did not agree that they would be bound by New Jersey law or by the answer in the presentence report even if it was incorrect under Delaware law.

(11)   Having carefully reviewed the record, we conclude that Capers' appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Capers' counsel made a conscientious effort to examine the record and the law and properly determined that Capers could not raise a meritorious claim on appeal.

---

[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[11] *Blackwell v. State*, 736 A.2d 971, 972 (Del. 1999).
[12] *Pringle v. State*, 2007 WL 4374197, at *2 (Del. Dec. 17, 2007) (finding no plain error in the Superior Court's decision to grant the motion to withdraw the guilty plea permitting the defendant to exercise his constitutional right to a jury trial).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.

The judgment of convictions is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice